Gary Andrew DUNSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13622.

Court of Criminal Appeals of Oklahoma.

May 19, 1965.

John D. Harris, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Gary Andrew Dunson was charged in the district court of Tulsa County with the crime of second degree burglary, the information having been filed on August 7, 1964. Defendant was arraigned on August 12, at which time he waived reading of the information, time to plead, entered a plea of not guilty and requested trial by jury. His appearance bond was fixed at $2500.

Thereafter, on October 13, 1964 defendant waived jury trial, and the case was set on the non-jury docket for October 20. On November 4, 1964 defendant entered his plea of guilty to the crime of second degree burglary, and judgment and sentence of two years in the state penitentiary was entered on the same day.

The appeal to this Court was by transcript, and was filed herein on January 14, 1965. Brief was due within thirty days. No brief has been filed, and no request made for an extension of time within which to file brief. The Attorney General, on April 5, 1965, filed a motion to dismiss the appeal as frivolous, and without merit, stating that the same was obviously brought for the purpose of delay only.

■ The case was assigned for hearing in this Court on the motion to dismiss for May 5, 1965, and the attorney for defendant duly notified. No appearance was made on behalf of the defendant. Rule 9 of this Court provides:

"When no counsel appears and no briefs are filed, the Court will examine the pleadings, the instructions of the court, and the exceptions taken thereto, and the judgment and sentence, and if no prejudicial error appears will affirm the judgment."

In compliance with the above rule, we have examined the transcript, which includes the information and the judgment and sentence. We do not find that any error was committed, or that the defendant was denied a fair and impartial trial. Defendant was represented throughout the proceedings by counsel.

■ In his petition in error, defendant sets out only two errors, First, excessive punishment, appearing to have been given under the influence of passion and prejudice. The conviction was on a plea of guilty, and the punishment assessed was the minimum prescribed by the statutes for the crime charged. 21 O.S.A. § 1436.

■ The second contention is that the verdict, report or decision is not sustained by sufficient evidence, and is contrary to law. Where the appeal is by transcript only, the evidence is not before the Court, and we are unable to pass on the sufficiency thereof.

■ For the reasons stated, the motion of the State to dismiss the appeal is sustained, and the judgment and sentence of the district court of Tulsa County affirmed.

BUSSEY, P. J., and NIX, J., concur.